UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENARO D. HERNANDEZ,<br><br>     Petitioner,<br><br> v.<br><br>JASON BENNETT,<br><br>     Respondent. | Case No. 2:24-cv-00982-JHC-TLF<br><br>ORDER TO SHOW CAUSE |

Petitioner Jenaro D. Hernandez is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Snohomish County Superior Court. Dkt. 1-1 at 1. Petitioner presents to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting that his Snohomish Superior Court's sentence is invalid because former RCW 9.94A.507 is unconstitutional on its face and violates his Sixth Amendment right to a jury trial. *Id*. at 6. He seeks to have this Court review whether state law violates federal law and to "issue an unconditional writ releasing [him] from custody." *Id.* at 7; *see also*, Memorandum, Dkt. 1-2.

Petitioner cites *Castro v. United States*, 540 U.S. 375 (2003) and objects to having this Court review his case under 28 U.S.C. § 2254. *Id.* at 1. The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d

ORDER TO SHOW CAUSE - 1

1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). The *Castro* holding, cited by petitioner, does not apply in this situation because it was related to 28 U.S.C. § 2255 and whether the federal district court improperly applied the successive petition rule. Under *White v. Lambert*, the petition for writ of habeas corpus in this case is properly reviewed under § 2254. *See Dominguez v. Kernan,* 906 F.3d 1127, 1134-1137 (9th Cir. 2018) (discussing the difference between cases properly brought under 28 U.S.C. § 2241 as opposed to those properly brought under § 2254).

To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review. Dkt. 1-1 at 2-7. Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review. Accordingly, the Court hereby ORDERS as follows:

(1)     Petitioner shall SHOW CAUSE, by **August 21, 2024**, why his petition and this action should not be dismissed for failure to exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)     The Clerk is directed to NOTE this matter on the Court's motion calendar for **August 21, 2024**, for review of petitioner's response to this Order to Show Cause.

(3)     The Clerk is directed to RE-NOTE the motion to proceed *in forma pauperis* (Dkt. 1) to **August 21, 2024**.

(4)     The Clerk is directed to send copies of this Order to petitioner.

Dated this 1st day of August, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3