UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENARO D HERNANDEZ,<br><br>            Petitioner,<br><br>    v.<br><br>JASON BENNETT,<br><br>            Respondent. | CASE NO. 2:24-cv-00982-JHC<br><br>ORDER DENYING MOTION & NOTICE OF INTENT TO ENTER BAR ORDER AGAINST VEXATIOUS LITIGANT & ORDER TO SHOW CAUSE |

Before the Court is Petitioner's *fourth* motion for relief from judgment. Dkt. # 27; *see* Dkt. ## 14, 21 & 23 (prior motions). For the reasons below, the Court DENIES the motion and ORDERS Petitioner to SHOW CAUSE as to why a vexatious litigant bar order should not be issued.

***The Present Motion***

Like the prior motions, the present one is a form, fill-in-the-blank style motion that patently lacks merit. Dkt. # 27. It says that the Court failed "to conduct de novo review of the Request for Certification." *Id.* But the Court did review de novo the issue of whether to grant a certificate of appealability. *See* Dkt. # 10. The motion provides no basis to support its assertion

ORDER DENYING MOTION & NOTICE OF
INTENT TO ENTER BAR ORDER AGAINST
VEXATIOUS LITIGANT & ORDER TO SHOW
CAUSE - 1

that the judgment is void under Federal Rule of Civil Procedure 60(b)(4). Thus, the Court denies it.

### *Vexatious Litigant*

In its Order at Dkt. # 24, denying the third motion for relief from judgment, the Court warned that if Petitioner filed another such motion, the Court may enter a notice of intent to enter a bar order. And Petitioner filed another such motion. Dkt. # 27.

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although such orders should be used sparingly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148.

In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147–48; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Here, in a relatively short period of time, Petitioner has filed four motions for relief from judgment, all of which patently lack any merit. All of the motions are form, fill-in-the-blank style motions. They are borderline frivolous and have consumed judicial time that could have been used to consider the meritorious claims of other litigants.

ORDER DENYING MOTION & NOTICE OF
INTENT TO ENTER BAR ORDER AGAINST
VEXATIOUS LITIGANT & ORDER TO SHOW
CAUSE - 2

The Court now ORDERS Petitioner to SHOW CAUSE why a vexatious litigant bar order should not be issued. Such a bar order would DIRECT the Clerk to strike any new motions by Petitioner in this matter as this case is now closed. Petitioner's Response is due no later than 21 days from the date of this Order and may not exceed 10 pages. No attachments are permitted. Failure to file a response will result in the issuance of the bar order.

Dated this 4th day of December, 2024.

John H. Chun
United States District Judge